UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRACY STINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:24-cv-833-GMB |
| | ) |
| BRINLEE NAVA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant Brinlee Nava removed this action from the Circuit Court of Jefferson County, Alabama under 28 U.S.C. § 1441(a) and asserted diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1. Pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction of a United States Magistrate Judge. Doc. 8. Before the court is Plaintiff Tracy Stinson's Motion to Remand. Doc. 6. The motion is fully briefed (Docs. 6, 10 & 12) and ripe for decision. For the following reasons, the motion is due to be granted.

## I. STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Accordingly, this court is "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the

Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citations omitted). Courts narrowly construe removal statutes, resolving "[a]ny doubts about the propriety of federal jurisdiction . . . in favor of remand to state court" and in favor of the non-removing party. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998).

## II.  STATEMENT OF FACTS

On May 8, 2024, Stinson filed her complaint in the Circuit Court of Jefferson County against Nava, GEICO Casualty Company ("GEICO"), Allmerica Financial Benefit Insurance Company ("Allmerica"), and various fictitious defendants. Doc. 1-1 at 3–7. According to the complaint, on August 19, 2022, Nava's vehicle collided with the vehicle in which Stinson was a passenger on Interstate 459. Doc. 1-1 at 4 & 5.

Stinson asserts claims for negligence and wantonness against Nava. Doc. 1-1 at 4 & 5. And she brings claims for failure to pay uninsured or underinsured motorist benefits against GEICO and Allmerica. Doc. 1-1 at 5–7. She alleges the following damages as a result of the wreck:

- physical injuries;
- current and future expenses for medical, hospital, drug, therapy, and rehabilitation treatment;
- permanent injuries;
- current and future lost time and wages;
- current and future physical pain and suffering;
- current and future mental distress and anguish; and
- diminished enjoyment of life.

Doc. 1-1 at 4 & 5. Stinson seeks compensatory and punitive damages from all three of the named defendants but does not specify the amount of damages attributable to each defendant. Doc. 1-1 at 4–7.

Before filing the complaint, Stinson's former counsel sent a demand letter describing Stinson's medical treatments and physical therapy for injuries and pain related to the wreck. Doc. 1-6. The letter reflects that her total medical expenses were $22,107.74 through October 23, 2023, and maintains that Stinson "has yet to make a full recovery and will need continued treatment." Doc. 1-6 at 7. The letter concludes by stating that "Stinson is willing to settle the injury claim for $82,107.74." Doc. 1-6 at 7. The letter does not specify the amount of lost time or lost wages Stinson suffered as a result of the wreck.

### III. DISCUSSION

A defendant may remove a civil action "originally filed in a state court to the federal district court when the district court has original jurisdiction to consider the case." *Lost Mountain Homeowners Assoc., Inc. v. Rice*, 248 F. App'x 114, 115 (11th

Cir. 2007). "Original jurisdiction requires diversity of the parties or the existence of a federal question." *Id.* at 115–16. All defendants who have been properly joined and served must join in or consent to the removal. 28 U.S.C. § 1446(b)(2)(A). The notice of removal invokes only this court's diversity jurisdiction (Doc. 1 at 1), and no federal question appears on the face of the complaint.

Diversity jurisdiction exists when (1) the action is between citizens of different states and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). It is undisputed here that there is complete diversity of citizenship. Stinson, however, does not concede that the amount in controversy exceeds $75,000 and alternatively argues that the notice of removal is procedurally defective because GEICO and Allmerica did not timely consent to the removal. Doc. 6 at 1 & 4–10. The court agrees with Stinson that the defendants have not carried their burden to show that the amount in controversy exceeds $75,000, and therefore does not address whether the defendants timely consented to removal under 28 U.S.C. § 1446(b)(2).

Removal is proper when the complaint does not plead a specific amount of damages but it is facially apparent that the amount in controversy exceeds $75,000. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The court "may make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent" that

the amount in controversy has been met. *Jones v. Novartis Pharms. Co.*, 952 F. Supp. 2d 1277, 1282 (N.D. Ala. 2013) (quoting *Roe v. Michelin N. Am., Inc.*, 613 F. 3d at 1061–62)). But if it is not facially apparent from the complaint that the amount in controversy exceeds $75,000, then the court should look to the notice of removal and other evidence relevant to the amount in controversy at the time of removal. *Id.* at 1283. When a non-removing party seeks remand, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Op. Co. v. Owens*, 574 U.S. 81, 88 (2014) (citing 28 U.S.C. § 1446(c)(2)(B)). In making the amount-in-controversy determination, "courts may use their judicial experience and common sense." *Roe*, 613 F.3d at 1062 (11th Cir. 2010).

It is not facially apparent from the face of Stinson's complaint that the amount in controversy exceeds $75,000. The complaint does not identify the specific amount of damages Stinson is seeking. And while the complaint alleges that Stinson was "permanently injured" (Doc. 1-1 at 4 & 5), it does not describe the nature or severity of any injuries. The complaint also omits any discussion of the extent of Stinson's medical expenses or lost wages. Accordingly, the court must look beyond the complaint to determine the amount in controversy at the time of removal. *See Jones*, 952 F. Supp. 2d at 1283.

To establish the amount in controversy, the notice of removal relies on the

medical bills documented in Stinson's demand letter along with the complaint's allegations of pain and suffering and future medical expenses. Doc. 1 at 10. According to the demand letter, Stinson's medical bills total $22,107.74. Doc. 1-6 at 7.  Of that amount, more than $6,600 relate to chiropractic care and more than $11,500 to physical therapy. Doc. 1-6 at 7.  Although the settlement demand alludes to continued treatment (Doc. 1-6 at 7), it does not explain the nature of any treatment Stinson might need in the future.  And in October 2023, two months before the demand letter, Stinson's physical therapist had already discharged her, concluding that she had "improved in all aspects of care" and "[a]ll her short-term and long-term goals had been met." Doc. 1-6 at 6.  The record does not reflect that Stinson has incurred medical expenses after 2023, nor does it establish any ongoing disability or disfigurement that would allow the court to conclude that Stinson will have material ongoing medical expenses.

While the court also considers Stinson's demands for pain and suffering, mental anguish, and punitive damages, the mere presence of these demands does not carry Nava's burden. *Lambeth v. Peterbilt Motors Co.*, 2012 WL 1712692, at *4 (S.D. Ala. May 15, 2012).  The complaint alleges that Nava engaged in wanton conduct to cause Stinson's injuries but provides no details about the reprehensibility of that conduct that could support a punitive damage award. *See Roe*, 613 F.3d at 1065 (stating that in assessing punitive damages under Alabama law, "the worse the

defendant's conduct was, the greater the damages should be"). The mental anguish allegations are similarly generic and lacking in specificity. Therefore, these allegations do not prove up the amount in controversy—even when combined with the claims for past and future medical expenses.

The notice of removal also points to the settlement demand of $82,107.74. Doc. 1 at 9. While "[t]he amount requested in a settlement demand does not determine whether the amount in controversy exceeds $75,000, . . . 'it counts for something.'" *Ryals v. Wal-Mart Stores E., L.P.*, 2016 WL 7173884, at *4 (M.D. Ala. Sept. 29, 2016) (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994)). In determining how much weight a settlement offer should carry in establishing the amount in controversy between the parties, "courts draw distinctions between settlement offers steeped in puffery and posturing at a high level of abstraction, on the one hand, and those yielding particularized information and a reasonable assessment of value, on the other." *Ryals*, 2016 WL 7173884, at *5 (citing *Jackson v. Select Portfolio Serv., Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)). Here, aside from the unsupported allegations about continued medical treatment, Stinson's settlement demand letter does not address the $60,000 discrepancy between Stinson's documented medical expenses and the settlement offer of $82,107.74. The letter does not, for example, explain how Stinson arrived at that number or substantiate her claims for emotional injuries or punitive damages.

7

Under these circumstances, the amount of the settlement demand is entitled to little weight in determining whether the amount in controversy exceeds $75,000.

For these reasons, the court cannot conclude by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, the court finds that it lacks jurisdiction over this matter under 28 U.S.C. § 1332(a). The motion to remand is due to be granted.

## IV. CONCLUSION

Accordingly, it is ORDERED that the motion to remand (Doc. 6) is GRANTED, and this action is REMANDED to the Circuit Court of Jefferson County, Alabama.

DONE and ORDERED on October 8, 2024.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE